UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       **Plaintiff,**<br><br>v.<br><br>**ESTATE OF SIDNEY ELSON, *et al.*,**<br><br>       **Defendants.** | Civ. No. 18-cv-11325 (KM)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

The United States filed this action to collect unpaid gift taxes, interest, and penalties for tax year 2004 from defendant the Estate of Sidney Elson (the "Estate"), as well as others. This matter comes before the Court on the unopposed motion of the United States for entry of default judgment against the Estate only. (DE 30) For the reasons stated herein, the motion will be granted and a default judgment will be entered pursuant to Fed. R. Civ. P. 55(b).

## DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1

1

(D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)).

### A. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within 21-day time period provided by the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985).

The Complaint, filed on July 3, 2018, seeks to collect gift taxes, interest, and penalties assessed against the Estate. (DE 1) The United States has filed proof that on July 9, 2018, the Summons and Complaint were personally served on the Executrix for the Estate. (DE 4) *See* Fed. R. Civ. P. 4(e). The Estate had 21 days to file an answer or otherwise respond. Fed. R. Civ. P. 12(a). No answer or other responsive pleading appears on the court's docket.

The clerk entered default on August 15, 2018. (DE 28 and following entry) The United States filed its motion for a default judgment on August 22, 2018. (DE 30) There has been no response to the motion.

Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

### B. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a

2

meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

The evaluation of the first factor is always complicated by the defendant's failure to answer or to oppose the motion. My independent review of the case file, however, does not suggest that the claims are legally flawed or that the Estate could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the complaint states a viable claim for relief as against the defendant.

Sidney Elson made various gifts in 2004. (Cplt. ¶ 11) He did not file a gift tax return; after his death, the Executrix of the Estate did so, and the return was audited by the IRS. (Cplt. ¶¶ 12, 13, 14) On May 2, 2011, a delegate of the Secretary of the Treasury assessed gift taxes against the Estate for tax year 2004. (Cplt. ¶ 15; Declaration of Michele Hornby ("Hornby Dec.") Ex. A, DE 30-3) Notice and demand were duly served on the Estate. (Cplt. ¶ 17; Hornby Dec. ¶ 5) Payments were made, but they ceased, and the balance of $684,217.79 remained unpaid. (Cplt. ¶¶ 18, 19; Hornby Dec. Ex. B, DE 30-4)

A tax assessment is presumed correct absent countervailing evidence. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Nothing in the record before the Court suggests that the Estate possesses a meritorious defense.

The second and third factors also weigh in favor of default. Defendant was properly served, but failed to appear or defend in any manner. It is clear that the United States has been prejudiced in the sense that it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a

3

defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment. I will grant the motion for default judgment.

### C.  Remedies

The United States has alleged, and has submitted evidence in the form of the assessment, *supra*, that the outstanding penalty of gift tax, interest, and penalties, as of December 4, 2017, totaled $684,217.79. (Cplt. ¶¶ 18, 19; Hornby Dec. Exs. A & B, DE 30-3 & 30-4) Judgment will be entered in that amount, plus interest until the liability is paid. *See* 26 U.S.C. §§ 6601(a), 6621; 28 U.S.C. § 1981(c).

### CONCLUSION

The motion for default judgment (ECF no. 30) is granted. A separate order and judgment will be entered.

KEVIN MCNULTY, U.S.D.J.

4