UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF SIDNEY ELSON, EUGENE ELSON, SHEILA STRAUSS, JEFFERY ELSON, SHOSHANA BITTON AND MITCHELL NENNER,<br><br>Defendant(s). | Civ. No. 18-11325 (KM) (SCM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

The government's complaint asserts a claim under Section 6324(b) of the Internal Revenue Code for gift taxes owed by defendants as donees. Now before the court are the motions of defendants Sheila Strauss and Mitchell Nenner to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), which I construe as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Defendants' motions assert that the government's claims are time-barred and that the government has failed to comply with certain individual-assessment procedures necessary to hold them liable. For the reasons stated herein, defendants' motions to dismiss are denied.

1

## I. Summary[1]

This action arises as a result of gifts Sidney Elson made to several individuals, including the two defendants who bring these motions to dismiss. (Compl. ¶ 10) In relevant part, defendants concede that in 2004, Mr. Elson made the following gifts:

> a. **To Sheila Strauss**: real property located at 1875 Springfield Avenue in Maplewood, New Jersey with a value of $345,000 and a 15% interest in the Penn Tool Company with a value of $164,016 for a total of $509,016.
>
> b. **To Mitchell Nenner**: Real property located at 820 Mountain Avenue in Springfield, New Jersey worth $455,000.

(Compl. ¶¶ 21, 46) (*see, e.g.* S.MTD at 4 ("Sidney Elson made gifts to the Defendants"); M.MTD at 4 (same)) Mr. Elson did not file a gift tax return in 2004, and had not done so at the time he died in 2006. (*Id.* ¶12) The parties appear to agree that in 2009 Sheila Strauss, as Executrix, filed a gift tax return on behalf of Mr. Elson's estate. (*Id.* ¶ 13; S.MTD at 4, M.MTD at 4) The government alleges that the return reported certain gifts and reported a gift liability of $80,300. (Compl. ¶ 13) After the Internal Revenue Service ("IRS") audited the return, however, it concluded that the return failed to report additional gifts. The government asserts that in 2009, it assessed the Estate of Sidney Elson additional gift taxes in the amount of $374,131 and sent notice of that assessment to the Estate. (*Id.* ¶¶ 15, 17)

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

| "DE" | = | Docket entry number in this case; |
| --- | --- | --- |
| "Compl." | = | The complaint filed by the government [DE 1]; |
| "S.MTD" | = | Motion to dismiss filed by Sheila Strauss [DE 59]; |
| "M.MTD" | = | Motion to dismiss filed by Mitchell Nenner [DE 60]; |
| "Opp." | = | Opposition filed by the government [DE 65]; |
| "Reply" | = | Joint reply filed by defendants [DE 67]. |

2

The Estate of Sidney Elson has made certain payments towards its gift tax liability: "$150,000 in 2009; $60,000 in 2011; and $136,000 in 2015 from the sale of the real estate transferred to Sheila Strauss." (*Id.* ¶¶ 18, 22) However, as of December 4, 2017, a total of $684,217.79 allegedly remained owing to the IRS. (*Id.* ¶ 19)

On July 3, 2018, the government filed the complaint in this action. On August 13, 2018, both defendants answered the complaint. (DE 20; 22) Defendants asserted four affirmative defenses including the statute of limitations and failure to provide required notice. (DE 20 at 7; DE 22 at 7)

On February 4, 2019, the government submitted its responses and objections to defendants' first requests for document production. (DE 59-1; DE 60-1) Defendants note that these discovery responses fail to establish that the government ever sent them individual assessments for taxes owed, pursuant to 26 U.S.C. § 6901.

On May 6, 2019, Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 59, 60) The government opposed those motions, arguing *inter alia* that they were procedurally defective. (DE 65). In their reply, the defendants requested that the Court convert their motions to dismiss into motions for summary judgment. (DE 67)

## II. Discussion

### a. Procedural issues with defendants' 12(b)(6) motions

As a threshold matter, I must decide first whether it was procedurally proper for defendants to: (1) move to dismiss after filing an answer; and (2) rely on evidence outside of the pleadings.

Defendants filed their rule 12(b)(6) motions after answering the complaint. It is true, of course, that a Rule 12(b)(6) motion to dismiss a complaint "must be filed before any responsive pleading." *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Still, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) may be filed at any time, and may be the

3

functional equivalent of a motion to dismiss. Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standards apply. *Id.*

It is therefore fairly routine to simply recharacterize a post-answer 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. Having done so, I would proceed to analyze it under Rule 12(b)(6) standards.

Those Rule 12(b)(6) standards provide that the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; see also *West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

Where a motion to dismiss attaches or relies on documents extrinsic to the pleadings, the court must first consider whether such documents may permissibly be considered. In general, the Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

4

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016).

The documents attached to the defendants' motions consist of discovery responses. These I will not consider under Rule 12(b)(6) because they are not cited in the complaint and the government's claims are not based on them. *See id.*

The defendants, however, propose another solution. In their reply brief, they request that the court convert their motion to one for summary judgment.

> (d) *Result of Presenting Matters Outside the Pleadings.* If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). When presented with extrinsic documents not properly considered on a motion to dismiss, the Court may of course simply disregard them; otherwise, it "may either deny the motion or convert it into a motion for summary judgment, providing the parties with a schedule for submission of statements in compliance with Local Civil Rule 56.1, supplemental briefs, and any supplemental evidence they deem necessary." *Dix v. Total Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *2 (D.N.J. June 20, 2011).

The decision whether to convert a motion to dismiss into a summary judgment, however, is a discretionary one. *See Telfair v. Tandy*, No. 08-731, 2009 WL 2132433, at *3 (D.N.J. July 13, 2009) ("A court deciding a motion to dismiss has the discretion to accept materials beyond the pleadings and then convert the motion into one for summary judgment") (citing *Gunson v. James*, 364 F.Supp.2d 455, 460-61 (D.N.J.2005)). I choose not to exercise my discretion in this manner, for two reasons.

First, a motion for summary judgment is premature; I adhere to the usual rule that summary judgment motions are best considered at the close of fact discovery. This ensures an orderly procedure and saves the court from

serial motions brought by parties to exploit some temporary advantage in the discovery process.

Second, the defendants have invoked summary judgment only in their reply brief. To give the government a fair chance to respond would require the court to initiate a wasteful, additional round of briefing.

The defendants' motions to dismiss, construed as motions for judgment on the pleadings, are thus denied to the extent they are based on the extrinsic documents.

### b. Claims under Section 6324(b)

I conclude, however, that I may profitably address the motions to dismiss without resort to reliance on extrinsic documents, because the motions pose issues of law. The defendants assert two essential grounds for dismissal:

1. That the claims are untimely because the ten-year limitation on a statutory gift tax lien under 26 U.S.C. § 6324(b) has expired.
2. That the government failed to file a required individual assessment against them pursuant to 26 U.S.C. § 6901, and that any such assessment would now be untimely.

As to the first issue, I hold herein as a matter of law that the ten-year lien limitation period does not apply. As to the second, I hold as a matter of law that the government was not required to impose an individual § 6901 assessment in order to bring this action; thus it is not necessary to resort to extrinsic documents to determine whether the government in fact did so.

### 1. Section 6324(b), Sentence 1 and Sentence 2

In its complaint, the government asserts a claim pursuant to 26 U.S.C. § 6324(b). Each defendant, says the government, is personally liable for gift taxes to the extent of the value of the property he or she received by gift from Sidney Elson (or his Estate). Defendants Strauss and Nenner do not dispute that they are donees under § 6324(b). Nevertheless, they say, the government's claims

6

are subject to § 6324(b)'s ten-year limitation period for gift tax liens, and are now time-barred.

Section 6324(a) concerns special liens and personal/transferee liability for estate taxes, and section 6324(b) for gift taxes.[2] As relevant here, the overall

---

[2] Because they are both referred to in the discussion, I here quote Sections 6324(a) & (b) in full:

**(a) Liens for estate tax.** Except as otherwise provided in subsection (c)—

(1) Upon gross estate

Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.

(2) Liability of transferees and others

If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. Any part of such property transferred by (or transferred by a transferee of) such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, to a purchaser or holder of a security interest shall be divested of the lien provided in paragraph (1) and a like lien shall then attach to all the property of such spouse, transferee, trustee, surviving tenant, person in possession, or beneficiary, or transferee of any such person, except any part transferred to a purchaser or a holder of a security interest.

(3) Continuance after discharge of fiduciary

The provisions of section 2204 (relating to discharge of fiduciary from personal liability) shall not operate as a release of any part of the gross estate from the lien for any deficiency that may thereafter be determined to be due, unless such part of the gross estate (or any interest therein) has been transferred to a purchaser or a holder of a security interest, in which case such part (or such interest) shall not be subject to a lien or to any claim or demand for any such deficiency, but the lien shall attach to the consideration received from such purchaser or holder of a security interest, by the heirs, legatees, devisees, or distributees.

purpose of § 6324 is to impose liability on the decedent's estate and upon transferees or donees of the estate when the estate fails to pay federal taxes.

At issue here is the interplay between the two sentences of Section 6324(b), which I have designated "Sentence 1" and "Sentence 2".

> **Lien for gift tax.** . . . . **[Sentence 1]** [U]nless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. **[Sentence 2]** If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.

26 U.S.C. § 6324(b).

Sentence 1, then, provides that any gift tax owed shall remain as a lien against the gift for a period of ten years, running from the date the gift is made. Sentence 2 imposes personal liability (limited to the value of the gift) on the donee for any gift tax not paid when due.

### 2. Application of Sentence 1's 10-year limitation or the Section 6501 and 6502 statutes of limitations to a claim under Sentence 2 of § 6324(b).

Two initial questions presented are these:

(a) Does the 10-year limitation of Sentence 1 apply to Sentence 2?

(b) If not, what statute of limitations does apply?

---

**(b) Lien for gift tax**

Except as otherwise provided in subsection (c), unless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift transferred by the donee (or by a transferee of the donee) to a purchaser or holder of a security interest shall be divested of the lien imposed by this subsection and such lien, to the extent of the value of such gift, shall attach to all the property (including after-acquired property) of the donee (or the transferee) except any part transferred to a purchaser or holder of a security interest.

[Subsection c, containing irrelevant exceptions, is omitted.]

Sentence 1 is not the issue as such. The defendants received the gifts in August 2004, but the complaint was filed nearly fourteen years later, on July 14, 2018. This action was not filed within 10 years after the gift was made. Under Sentence 1, then, the government's enforcement of its lien would be time-barred.

That leaves Sentence 2, the donee personal-liability provision under which the government is proceeding. The government urges that even if Sentence 1's 10-year lien has expired, "the gift tax assessment against the Estate of Sidney Elson is enforceable against [defendants] under the personal liability provision [*i.e.*, Sentence 2] of Section 6324(b)." (Opp. at 4) Defendants argue to the contrary that the ten-year limitation of Sentence 1 applies to Sentence 2 as well.

Sentence 2, the Third Circuit has held, "neither creates nor defines a substantive liability but provides merely a new procedure by which the Government may collect taxes." *Poinier v. Comm'r*, 858 F.2d 917, 920 (3d Cir. 1988). Thus, "courts interpreting this provision have routinely analyzed the personal liability prong of § 6324 independent from and without reference to the lien provision." *United States v. Botefuhr*, 309 F.3d 1263, 1277 (10th Cir. 2002) (relying on *Baur v. Comm'r*, 145 F.2d 338, 339 (3d Cir. 1944)). The distinction between the two sentences of Section 6324(b) is therefore significant "because § 6324(b) does not explicitly state a statute of limitations for a donee's personal liability" *Botefuhr*, 309 F.3d at 1277. The "relatively few cases to have considered the issue suggest that the statute of limitations for the donee's liability depends upon the statute of limitations for the donor's liability: so long as the government could bring a timely action against the donor, its action against the donee will be considered timely." *Id.* In short, the ordinary statute of limitations, not the 10-year limit on the life of a lien, governs a claim under Sentence 2, the donee personal liability provision.

The next task, then, is to identify and apply the relevant statute of limitations for a Sentence 2 claim. While the Third Circuit has not directly

addressed this issue, courts have generally defaulted to the statutes of limitations contained in 26 U.S.C. § 6501 (Limitations on assessment and collection) and § 6502 (Collection after assessment). *See, e.g., Botefuhr*, 309 F.3d at 1277–78 (citing various cases that have applied these sections); *United States v. Geniviva*, Civ. A. No. 92–1045, 1993 WL 597442, at *2–*3 (W.D. Pa. Apr. 14, 1993), *aff'd*, 16 F.3d 522 (3d Cir. 1994).

Section 6501 governs limitations on assessments. It provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." 26 U.S.C. § 6501(a). An exception to § 6501's three-year rule applies where an estate tax return omits taxable gifts exceeding a certain threshold (for these purposes, a "substantial omission"). In such a case, the government must make an assessment or file a complaint within six years:

> In the case of a return of estate tax . . . , if the taxpayer omits from the gross estate or from the total amount of the gifts made during the period for which the return was filed items includible in such gross estate or such total gifts, as the case may be, as exceed in amount 25 percent of the gross estate stated in the return or the total amount of gifts stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed.

26 U.S.C. § 6501(e)(2).

If the government opts to make a tax assessment against the estate, the § 6502 ten-year limitations period for an action on an assessment then comes into play. Any action to collect an assessed tax "by levy or by a proceeding in court" must be commenced "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).

Defendants seemingly concede that a substantial omission occurred, in that the Estate of Sidney Elson failed to account for the total amount of various gifts. (*See* S.MTD at 6–7; M.MTD at 6–7) In particular, certain gifts were omitted from a return filed on behalf of the Estate by Sheila Strauss as Executrix in 2009. (*Id.* ¶ 13) The Complaint alleges (and it seems to be undisputed) that about two years later, on May 2, 2011, the government

10

"assessed additional gift taxes against the Estate of Sidney Elson in the amount of $347,131." (Compl. ¶ 15) That assessment was therefore timely under § 6501(a)'s three-year limitations period.

At that point, the § 6502 period to bring an action on an assessment was triggered. Starting from May 2, 2011, when the assessment was filed, the government had an additional ten years within which to commence an action to collect under the assessment. This action was filed on July 3, 2018, well within the ten-year period.

So *if* this action was properly brought under § 6324(b), based on the 2011 assessment filed against the Estate, then it is timely.

### 3. The section 6901 individual-assessment provision

Big if, say the defendants; the government is invoking the wrong procedure, the wrong statute of limitations, and the wrong starting date for the limitations period. In their view, their individual liability as donees cannot be premised on the 2011 assessment against the Estate; rather, the government was required to obtain *individual* assessments against the defendants themselves under 26 U.S.C. § 6901. And section 6901 has its own, short statute of limitations, which has already expired.

The issue, in defendants' view, does not hinge on the government's 2011 assessment of additional taxes against the Estate of Sidney Elson. Rather, the Court should be looking to the date that an assessment for gift tax was levied against each defendant individually. Ordinarily, of course, such a (presumably later) date might not be of assistance to a defendant making a statute of limitations argument. Here, however, defendants argue that the government dropped the ball; it never properly assessed them separately and individually under 26 U.S.C. § 6901. (S.MTD at 5–8; M.MTD at 5–8; Reply at 2–3)

Whether the government filed such an individual assessment might pose a factual issue. But the government makes an argument of law that renders that factual issue moot. Relying on *Geniviva*, cited *supra*, the government argues that it was entitled to proceed under § 6324(b), Sentence 2, based on the 2011 assessment against the Estate. An individual § 6901 assessment,

11

says the government, was not a prerequisite to an action to impose liability on these defendant transferees. (Opp. at 8) I agree.

Section 6901 was enacted after Section 6324. Section 6901(a) provides that transferee liability related to a gift shall "be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred."[3] Thus the government's § 6901 power to assess a tax liability against a transferee mirrors its power to assess the estate itself. Section 6901 contains its own, piggy-back statute of limitations. The assessment with respect to an initial transferee shall be made within one "year after the expiration of the period of limitation for assessment against the transferor." 26 U.S.C. § 6901(c)(1).[4]

I accept the government's concession *arguendo* that an assessment under 6901 would not be timely, and that therefore an action based on such an assessment would not be timely, either. But that, the government asserts, is not the action it brought. This action, says the government, is brought under section 6324(b) Sentence 2, and is timely under sections 6501 and 6502, as set forth above. *See* Section II.b.2, *supra.* So unless the defendants are correct that § 6901 is the narrow gate through which any claim against them as donees must pass, their argument fails.

Defendants are incorrect; Section 6901 is not the government's exclusive route to a remedy against them. The Third Circuit held in *United States v.*

---

[3] The manner of assessing tax is governed by Section 6212, which provides that "[i]f the Secretary determines that there is a deficiency in respect of any tax . . . [the Secretary] is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. § 6212. Section 6212 does not require actual receipt of the mailing; a notice sent by certified mail to a taxpayer's last known address complies with the statutory requirements. *Delman v. Comm'r*, 384 F.2d 929, 934 (3d Cir. 1967).

[4] Defendants note that 6901(c) grants a three year extension, not applicable here, where a transferee makes a further transfer to another: "In the case of the liability of a transferee of a transferee, within 1 year after the expiration of the period of limitation for assessment against the preceding transferee, but not more than 3 years after the expiration of the period of limitation for assessment against the initial transferor." *Id.* § 6901(c)(2). Defendants were initial transferees, and no further transfer is alleged.

12

*Geniviva* that "Section 6901 did not eliminate or limit the government's ability to bring an action [under Section 6324]; rather, it provided an additional means by which the government could enforce the collection of taxes." 16 F.3d 522, 524 (3d Cir. 1994) (citing *Leighton v. United States*, 289 U.S. 506, 507-08 (1933)). The Third Circuit went on to "hold that an individual assessment under 26 U.S.C. § 6901 is not a prerequisite to an action to impose transferee liability under 26 U.S.C. § 6324(a)(2)." *Geniviva*, 16 F.3d at 525.

Defendants assert that *Geniviva* is not controlling here because it concerned estate tax liability under § 6324(a)(2), not gift tax liability under § 6324(b). (Reply at 5) For these purposes, however, I am in agreement with courts that have construed § 6324(a) *in pari materia* with § 6324(b). Sections 6234(a) and (b) create parallel liens against transferees, and they contain nearly identical provisions that hold transferees personally liable. As other courts have held, "[t]he gift tax was supplementary to the estate tax. The two are in *pari materia* and must be construed together." *Sanford's Estate v. Comm'r of Internal Revenue*, 308 U.S. 39, 44 (1939); *see also Estate of Mandels v. Comm'r of Internal Revenue*, 64 T.C. 61, 78 (1975) ((". . . [referring to] sec. 6324(b) covering liability for estate taxes, [and] sec. 6324(a)(2), these provisions have been interpreted in pari materia.") (relying on *Commissioner v. Chase Manhattan Bank*, 259 F.2d 231, 256 (5th Cir. 1958) (*rev'g on other grounds* 25 T.C. 617 (1955)), *cert. denied* 359 U.S. 913 (1959); *Melba Schuster*, 32 T.C. 998, 1007 (1959), *aff'd*, 312 F.2d 311, 315 n.3 (9th Cir. 1962); *Equitable Trust Co.*, 13 T.C. 731, 737 (1949)). *See also United States v. Saleh*, 514 F. Supp. 8, 9 (D.N.J. 1980) (" 'By contrast, the "special" lien of s 6324(a)(1) is imposed only for federal estate taxes. (§ 6324(b) imposes a similar "special" lien on account of the federal gift tax.')").

I therefore do not find *Geniviva* distinguishable. Its holding that a § 6901 assessment is not a prerequisite to a claim for transferee liability under § 6324(a)(2) applies equally to a claim for donee liability under § 6324(b). Accordingly, I hold as a matter of law that an individual assessment under 26

13

U.S.C. § 6901 is not a prerequisite to the government's Section 6324(b) claim here.

### III. Conclusion

For the reasons set forth in Sections II.a, b, and c, *supra*, the government has timely and properly brought its claims against defendants. Defendants' motions to dismiss the complaint for failure to state a claim (DE 59 and 60), construed as Rule 12(c) motions for judgment on the pleadings, are denied.

An appropriate order follows.

Dated: October 9, 2019

**Kevin McNulty**
**United States District Judge**